## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6105 | **DATE** | 9/20/2012 |
| **CASE TITLE** | John Nagajew and Harriet Nagajew vs. Aaron Slim and Montana Trucking, Inc. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss count II of plaintiffs' complaint [37] is granted.

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

On September 23, 2010, plaintiffs John and Harriet Nagajew filed a four-count complaint against Aaron Slim and Montana Trucking, Inc. to recover for the injuries plaintiffs have sustained as a result of a car accident in which defendant Slim allegedly collided into the rear end of plaintiff John's motorcycle. Defendants have filed a motion to dismiss count II of plaintiffs' complaint. Count II alleges negligence against defendant Montana, defendant Slim's employer, under a theory of negligent hiring, retention, supervision, and oversight.

Relying on *Neff v. Davenport Packing Co.*, 268 N.E.2d 574 (Ill. App. Ct. 1971) and *Gant v. L.U. Transp.*, 770 N.E.2d 1155 (Ill. App. Ct. 2002), defendants argue that because defendant Montana has admitted responsibility for defendant Slim under *respondeat superior*, plaintiffs cannot maintain their claim for negligent hiring. Indeed, *Gant* reaffirms the rule originally set forth in *Neff*: "Notwithstanding the fact that Illinois is a comparative negligence jurisdiction, a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or negligent entrustment against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory." *Gant*, 770 N.E.2d at 1159.

Plaintiffs respond by arguing that under *Lockett v. Bi-State Transit Auth.*, 445 N.E.2d 310 (Ill. 1983), a principal may be liable for willful and wanton, though not negligent, misconduct even if an agency relationship is conceded. As defendants point out, plaintiffs have not pleaded a claim for willful and wanton entrustment. While "a plaintiff may attempt to defeat a motion to dismiss by submitting a brief that adds *facts* . . . 'consistent with the allegations in the complaint' . . . a brief cannot amend a complaint and add new legal claims." *Savage v. Finney*, No. 12 C 2398, 2012 WL 2374687, at *3 (N.D. Ill. June 20, 2012) (quoting *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1173 n. 3 (7th Cir. 1999); citing *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009)). Because plaintiff's complaint does not allege willful and wanton entrustment, *Lockett* is inapposite. As such, count II is dismissed.